FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 SEP 28 PM 3: 20

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

R.A. McELMURRAY, III; )
R.A. McELMURRAY, JR.; )
RICHARD P. McELMURRAY; and )
EARL D. McELMURRAY, )
 )
    Plaintiffs, ) CASE NO. CV105-159
 )
v. )
 )
UNITED STATES DEPARTMENT OF )
AGRICULTURE, )
 )
    Defendant. )
 )

## O R D E R

Before the Court is Plaintiffs' Motion to Supplement the Administrative Record (Doc. 48). For the reasons that follow, the Motion is **DENIED**.[1]

This case involves a review under the Administrative Procedure Act of a final determination by the United States Department of Agriculture ("USDA") to deny a prevented planting credit to Plaintiffs for their 1999, 2000, and 2001 cotton and corn crops. From 1979 until 1990, pursuant to a series of agreements between Plaintiffs and the City of Augusta, the City applied sewage sludge to farmlands owned or leased by Plaintiffs. Plaintiffs claim that the sludge contained toxic

---

[1] Plaintiffs' Request for a Hearing on this issue is **DENIED**. (Doc. 50.)

levels of metals that contaminated their lands, and they applied for prevented planting credits from the USDA.

The USDA ultimately denied Plaintiffs' application. In making its final administrative determination, the National Appeals Division of the USDA relied primarily on two letters from the Environmental Protection Agency ("EPA") - the "Mehan letter" and the "Brobst letter." The USDA considered these letters to be the official position of the EPA.

The current administrative record consists of more than 2,700 pages. Plaintiffs' seek to supplement this record with two additional binders of documents from a related qui tam action which was filed in the Middle District of Georgia on February 17, 2006. Plaintiffs contend that certain faculty members at the University of Georgia and certain employees of the EPA made false claims to obtain federal funds to produce a fraudulent research project, known as the "Gaskins study." Plaintiffs allege that the Gaskins study was created in direct response to their lawsuits; that the authors knew that "all of the underlying data was scientifically invalid;" and that the authors engaged in "fraudulent conduct." (Doc. 53 at 24; Doc. 49 at 11.)

Plaintiffs maintain that the EPA letters relied on by the USDA were based on the allegedly fraudulent Gaskins study. They state that the supplemental documents are "indisputable proof"

2

that the Mehan and Brobst letters are "completely invalid." (Doc. 53 at 25.) This is one of the reasons they contend the USDA's final administrative determination was arbitrary and capricious.

The Eleventh Circuit has provided the following guidance to courts in considering whether to supplement the record or allow additional discovery in reviewing the decision of an administrative agency:

> The focal point for judicial review of an administrative agency's action should be the administrative record. The role of the court is not to conduct its own investigation and substitute its own judgment for the administrative agency's decision. Rather, the task of the reviewing court is to apply the appropriate standard of review to the agency decision based on the record the agency presents to the reviewing court.

Preserve Endangered Areas of Cobb's History, Inc. (PEACH) v. United States Army Corps of Eng'rs, 87 F.3d 1242, 1246 (11th Cir. 1996)(internal citations and quotations omitted).

Although a court conducting a judicial review is not "generally empowered" to look beyond the administrative record, certain circumstances may justify broadening the scope of review. Id. The Eleventh Circuit has articulated four such circumstances: 1) the agency's failure to explain its action effectively frustrates judicial review; 2) the agency relied on materials not included in the record; 3) the existence of technical terms or complex subjects need that to be explained;

or 4) a strong showing of agency bad faith or improper behavior. Id. at 1247 n.1 (citing Animal Defense Council v. Hodel, 840 F.2d 1432, 1436-37 (9th Cir. 1988)).

In the instant case, Plaintiffs contend that the supplemental materials demonstrate improper behavior behind the science relied on by the USDA. But Plaintiffs have not presented sufficient evidence to warrant supplementing the administrative record. In their brief in support of the Motion to Supplement the Record, Plaintiffs refer exclusively to their Complaint filed in the qui tam action to "prove" that the science is invalid. But contrary to Plaintiffs' detailed allegations of conspiracy, a "Complaint" does not "prove" anything. Plaintiffs appear to make allegations of fraud in this case based solely on allegations that they made in a previous case.[2]

The only concrete evidence Plaintiffs point to in support of their fraud allegations is a handwritten note from one co-author of the Gaskins study, Dr. Miller, to another co-author, Ms. Gaskin. The handwritten note states: "We should fess up here that we DON'T Know exact rates of application, or specific

---

[2] The Court has reviewed the qui tam Complaint, which cites to other documents, some of which are included in the supplemental materials (or the administrative record) and some of which are not. But the Court is unable to follow this trail to the end of the rabbit hole. And this Court cannot rely solely on a Complaint as justification for supplementing an already extensive administrative record.

4

characteristics of sludge applied . . .??" (Doc. 49 at 11.) But without additional context, this note does not demonstrate improper behavior. The note appears to be an editing comment, illustrating one scientist's attempt to ensure that the study's conclusions accurately reflect the scope of the research, and that the paper does not infer additional conclusions by use of imprecise language. The Court finds that this note, standing alone, is neither evidence of fraudulent conduct nor evidence of contamination on Plaintiffs' lands.

Accordingly, Plaintiffs' Motion to Supplement the Administrative Record is **DENIED**. The Court will therefore consider only the administrative record in reviewing the agency's decision.

SO ORDERED this 28th day of September, 2007.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA